UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANASTASIA SINEGAL, ET AL.** | : | **CIVIL ACTION NO. 18-cv-1157** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **PNK (LAKE CHARLES), LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs Anastasia Sinegal and Lewis Dervis, III.  Doc. 9.  Plaintiffs have also requested the costs and attorney fees associated with improper removal.  *Id.* at att. 1, pp. 8-9.  Defendants PNK (Lake Charles), LLC d/b/a L'Auberge Casino Resort Lake Charles (hereafter "PNK"), and Cheryl Tezeno oppose remand.  Doc. 11.

The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.  For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED**, and that all claims against Cheryl Tezeno be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### FACTS AND PROCEDURAL HISTORY

Anastasia Sinegal and Lewis Dervis, III, filed suit seeking redress for injuries that Anastasia Sinegal claims to have sustained when she fell over an unattended cleaning machine inside the L'Auberge Casino Resort Lake Charles on May 6, 2017.  Doc. 1, att. 1, pp. 4-5.  Ms. Sinegal claims she was speaking to another patron when a casino employee placed the cleaning machine down directly behind her and left the cleaning machine unattended.  *Id.* at 5.

Suit was filed in the 14th Judicial District Court, Calcasieu Parish, on May 4, 2018. Doc. 1, att. 1. Made defendants were PNK, Full Service Systems Corporation, and an unidentified employee of PNK, fictitiously named "Jane Doe." *Id.* Plaintiffs allege that defendants failed to exercise reasonable care to prevent Ms. Sinegal's injuries. *Id.* at 5-7. They contend that, at all times pertinent, PNK operated and maintained the subject casino, and that the negligent act(s) of defendants, combined with the presence of the cleaning machine, created a hazardous condition for patrons. *Id.* On July 9, 2018, all claims against Full Service Systems Corporation were voluntarily dismissed by plaintiffs. Doc. 1, att. 4.

On August 23, 2018, plaintiffs furnished PNK with copies of the medical records related to the injury alleged to have been sustained by Ms. Sinegal in this case. Doc. 1, atts. 5-11. PNK asserts that these records constitute the first papers "from which it may [ ] be ascertained that the case is one which is or has become removable." Doc. 1, p. 4 (citing 28 U.S.C. § 1446(b)(3)) (emphasis omitted). It filed its notice of removal with this court on September 5, 2018. Doc. 1. Prior to this removal, plaintiffs filed a supplemental petition substituting defendant Jane Doe with defendant Cheryl Tezeno (hereafter "Tezeno") [doc. 6, att. 1], the employee PNK indicates was operating the cleaning machine Ms. Sinegal fell over. Doc. 9, att. 4. However, records show Tezeno was not served with this petition until four days after the removal. Doc. 9, att. 5. PNK did not obtain Tezeno's joinder or consent.

In its removal, PNK asserts this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. PNK is a citizen of Delaware and Nevada. *Id.* at att. 3. Plaintiffs are citizens of Louisiana. *Id.* at att. 1, p. 4. Tezeno is a citizen of Louisiana. Doc. 6, att. 1. PNK alleges, and plaintiffs do not contest, that the amount in controversy exceeds $75,000. Doc. 1, pp. 3-6. However, PNK asserts that the citizenship of Tezeno is irrelevant because she is an

improperly joined defendant because plaintiffs fail to state a valid cause of action against her. *Id.* at 2-3.

On October 4, 2018, plaintiffs filed the instant motion for remand. Doc. 9. They assert Tezeno is a proper party to the complaint and therefore complete diversity does not exist. *Id.* at att. 1, pp. 5-9. Additionally, they assert a procedural defect in removal based on PNK's failure to obtain affirmative joinder or consent of all properly joined and served defendants under 28 U.S.C. § 1446. *Id.* at 3-5. They also request the reasonable attorney fees and costs associated with the filing of the instant motion. *Id*. at 8-9.

Defendants oppose remand. Doc. 11. They argue Tezeno's consent was not required to effectuate removal because she was not served until after PNK removed the suit. They also maintain that Tezeno is improperly joined and therefore her consent is unnecessary. *Id.* at 8-14. As part of this opposition, they submit an affidavit of Jerry Forrester, the Risk and Safety Manager for L'Auberge Casino Resort Lake Charles [doc. 11, att. 6], which incorporates video surveillance of the trip and fall. Doc. 11, att. 7.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). This diversity provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996). This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir.2005). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003)). Only the latter method is relevant here as no fraud is alleged. Thus, the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

In order to assess a plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Id*. This inquiry "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) (citations omitted). "Ordinarily if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id*. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* While the Fifth Circuit has cautions that, in exercising its discretion to pierce the pleadings, a court must be mindful not to move "beyond jurisdiction and into a resolution of the merits." *Id.* at 574; *see Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990) (noting the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction."). The circuit also "endorse[s] a summary judgement-like procedure for the disposing of fraudulent joinder claims. . . 'similar to that used for rulings on a motion for summary judgement.'" *Carriere*, 893 F.2d at 100 (5th Cir.1990) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549, n. 9 (5th Cir.1981)). Accordingly, the court pierces the pleadings "to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc*, 509 F.3d 665, 669 (5th Cir.2007).

For negligence claims, Louisiana courts use a duty-risk analysis. *Long v. State ex rel. DOTD*, 916 So.2d 87, 101 (La. 2005). Under this analysis, the plaintiff must show:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Id.* (citing *Fowler v. Roberts*, 556 So.2d 1, 4 (La. 1989)). In order to prove liability in a negligence case, a plaintiff must satisfy every element of the duty-risk analysis. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632–33 (La. 2006). "Thus, failure to establish any one of the

elements is fatal to his right to recover." *Louisiana Swabbing Service, Inc. v. Enterprise Products Co.*, 784 So.2d 862, 864 (La. App. 3 Cir. 2001).

"The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff." *Travelers Property Cas. Co. of America v. Pratt*, 940 So.2d 704, 707 (La. App. 2 Cir. 2006) (citations omitted). "[This] legal inquiry involves a determination of whether the duty of the particular defendant that has allegedly been breached extends to protect against the risk of harm suffered by the plaintiff." *Id.* at 707-708 (citation omitted). When evaluating a defendant's duty it is important to note "under [Louisiana] jurisprudence, 'causation' does not equal 'duty.'" *Continental Ins. Co. v. Three Seasons Pest Control Co.*, 649 So.2d 1220, 1222 (La. App. 3 Cir. 1995). A plaintiff does not prove that defendant had a duty to plaintiff simply by proving defendant was the cause-in-fact of plaintiff's injury. *Id.* "Whether a duty is owed is a question of law," [*Brewer v. J.B. Hunt Transport, Inc.*, 35 So.3d 230, 240 (La. 2010) (citing *Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811, 813 (La. 1993))] the answer to which "depends on the facts and circumstances of the case and the relationship of the parties." *Seals v. Morris*, 410 So.2d 715, 718 (La. 1981). "In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances." *Straley v. Calongne Drayage & Storage, Inc.*, 346 So.2d 171, 176 (La. 1977) (citing *Pence v. Ketchum*, 326 So.2d 831 (La. 1976). However, "[i]n some cases, the duty is refined more specifically that the defendant must conform his or her conduct to some specially defined standard of behavior." *Boykin v. Louisiana Transit Co., Inc.*, 707 So.2d 1225, 1231 (La. 1998).

"As a matter of policy, the courts, under the scope of duty element in the duty-risk analysis, have established limitations on the extent of damages for which a tortfeasor is liable." *Trahan v. McManus*, 728 So.2d 1273, 1278 (La. 1999) (citations omitted). "The extent of protection owed

by a defendant to plaintiff is made on a case-by-case basis to avoid making a defendant an insurer of all persons against all harms." *Pratt*, 940 So.2d at 708 (citations omitted). An employee can be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship, however, that duty must have been "delegated by the employer to the particular employee." *Canter v. Koehring Co.*, 283 So.2d 717, 721 (La. 1973).

### A. Application of Law to Facts of This Case

Plaintiffs have put forth numerous claims of negligence against Tezeno [doc. 1, att. 1, p. 6] supported by a very limited set of factual circumstances. *Id.* at p. 5. Specifically, the negligent conduct Tezeno allegedly committed in this case was: "[she] walked directly behind Plaintiff with a cleaning machine, placed the cleaning machine down directly behind Plaintiff, and began speaking with another person out of sight and control of the unattended cleaning machine." *Id.* Defendants assert the video they provide shows the machine was "not left unattended." Doc. 11, p. 9. This assertion undermines the entire factual basis connecting Tezeno to this suit. Accordingly, because defendants have identified a misstated fact that would determine the propriety of joinder in this case, we exercise our discretion to pierce the pleadings in this matter.

Defendants contend that plaintiffs have not established a plausible claim against Tezeno. *Id.* at 8-14. Based on the allegedly negligent conduct discussed, *supra*, plaintiffs have put forth eight theories of recovery against Tezeno. They claim Tezeno was negligent because she:

(1) "[left] the cleaning machine *unattended*,"

(2) "[failed] to *maintain control* of the cleaning machine,"

(3) "[failed] to remove the *unattended* cleaning machine" after placing it in the area, and,

(4) "[failed] to re-route patrons away from the hazard of the *unattended* cleaning machine."

Doc. 1, att. 1, p. 6 (emphasis added). The video evidence submitted by defendants clearly contradicts these assertions, as it clearly shows that the machine was not left unattended by Tezeno. Doc. 11, att. 7. Under the remaining three theories, plaintiffs connect their injures to Tezeno's:

(5) "[f]ailure to mark and/or warn the use of the cleaning machine in the area,"

(6) "[f]ailure to exercise reasonable care to keep its casino floor and premise in a reasonably safe condition," and,

(7) "[f]ailure to follow the proper procedures regarding the use of the cleaning machines around patrons."

Doc. 1, att. 1, p. 6. In viewing the undisputed facts of this case, we find an unclear link between these failures and the legal obligations Tezeno had to plaintiffs in this case. Under the duty-risk formula plaintiffs must establish Tezeno had a duty to conform her conduct to a specific standard. Plaintiffs fail to articulate any legal standard from which Tezeno's use of the cleaning machine allegedly departed when she "[failed] to follow the proper procedures." *Id.* They make no allegations that any duty to "keep its casino floor and premise . . . safe" was delegated by the casino to Tezeno. *Id.* And they provide no legal argument to suggest why Tezeno had a personal duty to warn plaintiffs of the cleaning machine's use. Moreover, in the affidavit of Jerry Forrester, the Risk and Safety Manager for L'Auberge Casino Resort Lake Charles, he states clearing patrons "would not have been part of Cheryl Tezeno's regular job duties." Doc. 11, att. 6, p. 1.

Even when we apply the universal duty of reasonable care for the claims already discussed, and for plaintiffs' final claim against Tezeno—that their injuries were caused by "[a]ny and all other acts of negligence and omission that shall be discovered and shown at the time of this trial" [doc. 1, att. 1, p. 6]—plaintiffs have not established a plausible

claim against Tezeno. Tezeno did not leave the cleaning machine unattended and plaintiffs provide no other facts to support a reasonable inference of negligence in this case. Accordingly, since a determination can be made as a matter of law that there is no reasonable basis for predicting that plaintiffs might establish liability against Tezeno, we recommend she be dismissed as improperly joined.

Under 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed . . . all defendants who have been properly **joined** and served must join in or consent to the removal of the action." (Emphasis added). Plaintiffs argue the removal is procedurally defective based on PNK's failure to obtain affirmative joinder or consent of Tezeno. Doc. 9, att. 1, pp. 3-5. We reject this argument based on our finding that Tezeno is improperly joined.

Plaintiffs ask that they be awarded the costs and attorney fees associated with the improper removal. Doc. 9, pp. 8-9. When ordering a case remanded to state court, this court has the discretion to "require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. However, such fees are not automatic. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir.2000). As cautioned by the Fifth Circuit, attorney fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (citing *Valdes,* 199 F.3d at 293)). Because defendants have successfully argued their case for removal, plaintiffs' request for attorney fees and costs are unwarranted.

Accordingly, we recommend that the plaintiffs' motion for remand be denied.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED**, and that all claims against Cheryl Tezeno be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 6th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE