UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANASTASIA SINEGAL ET AL** | **CASE NO. 2:18-CV-01157** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PNK (LAKE CHARLES) LLC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine (Doc. 69) to exclude evidence from trial filed by Defendant, PNK (Lake Charles), LLC d/b/a L'Auberge Du Lac Casino Resort ("L'Auberge"). Plaintiffs, Anastasia Sinegal and Lewis Dervis, III, oppose the motion. Doc. 74.

**I.   BACKGROUND**

This diversity action arises from an injury sustained by Plaintiff Anastasia Sinegal at the L'Auberge Casino[1] ("Casino") when she tripped over a cleaning machine near the Casino's slot machines on or about May 6, 2017. Doc. 1-1, pp. 4–5. On May 4, 2018, Plaintiffs filed a delictual action for damages against L'Auberge in the 14th Judicial District for the Parish of Calcasieu, Louisiana. *Id.* at 4, 7. On September 5, 2018, L'Auberge removed the case to this Court. Doc. 1. Jury trial is set for April 17, 2023, at 9:00 AM. Doc. 66, p. 2.

**II.   LAW & APPLICATION**

**A.  Motion In Limine Standard**

---

[1] Located at 777 Avenue L'Auberge, Lake Charles, Louisiana.

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

B. Application

1. *Liability Insurance*

The Court **GRANTS** L'Augbere's unopposed request that the Court to exclude any and all information of liability insurance.

## 2. Income or Net Worth

The Court **GRANTS** L'Auberge's unopposed request that the Court to exclude any evidence, testimony, references or arguments (1) related to the income or net worth of defendant; (2) reference to the amount any defendant pays or receives for services to the property; and (3) referring to defendants as multi-billion or multi-million-dollar corporations or referring to their profits.

## 3. Decision Not to Call Witness

L'Auberge asks the Court to exclude all evidence, testimony, or arguments related to its decision not to call certain witnesses to testify at trial and/or any mention or reference to the probable testimony of a witness who is absent, unavailable, not called to testify, or disallowed from testifying, or that it failed to call any witness equally available to any party in this action. Plaintiffs respond that, under the "uncalled witness rule," they should be permitted to discuss how the Casino is unable to dispute Plaintiffs' claims with evidence from Ms. Tezeno who is the employee who moved the cleaning machine into Mrs. Sinegal's pathway at the Casino. Also, Plaintiffs claims that L'Auberge concealed Ms. Tezeno's health condition, which prevented them from taking her deposition on March 14, 2019, and because Ms. Tezeno passed away six days after the scheduled deposition, Plaintiffs did not receive any testimony. Based on the arguments raised by the Plaintiffs, this part of the Motion is **DENIED**.

## 4. Damages Awarded by Other Juries

L'Auberge moves the Court to exclude any and all statements, references, or inferences regarding the amount of general damages awarded by other civil juries.

Plaintiffs counter that this is speculative, overbroad, and vague. The Court agrees with Plaintiffs; this part of the Motion is **DENIED**.

### 5. *Relationship of Money and Safety*

L'Auberge moves the Court to exclude "any suggestion that wal-mart [sic] values money over an individual's safety or life." Plaintiffs argue that the jury is entitled to consider the relationship of safety and profit. The Court finds it premature to rule on this part of the Motion; thus, it is **DENIED**.

### 6. *Burden of Proof*

L'Auberge moves the Court to exclude misstatements of the standard of care or burden of proof and/or stating or alluding to the burden of proof that in any way implies an erroneous legal standard, including that a preponderance of the evidence is fifty-one percent. They cite Fed. R. Evid. 401,402, and 403; *Vidrine v. United States*, 2012 WL 253124, at*60 (W.D. La. Jan. 26, 2012). Plaintiffs argue that L'Auberge's motion is vague and L'Auberge's cited authority is from a grand jury instruction. The Court does not agree that the use of 51%, in the context of burden of proof, runs afoul Federal Rules of Evidence 401, 402, and 403. This part of the Motion is **DENIED**.

### 7. *This Motion in Limine*

The Court **GRANTS** L'Auberge's unopposed part of this Motion that asks the Court to exclude these motions in limine and/or other discovery motions filed, the relief sought therein requested, and/or the orders/rulings issued by this court and/or disclosing that this motion was filed or that this court issued any ruling on this motion, suggesting or implying

to the jury venire or jury that defendant moved to prohibit proof or evidence, or that the court excluded proof or evidence on any matter.

### 8. Settlement Negotiations

The Court **GRANTS** L'Auberge's unopposed part of this Motion that asks the Court to exclude any statements, references, or inferences that there have or have not been any settlement negotiations between any parties or offers to settle made by any party.

### 9. Reptile Theory

L'Auberge moves the Court to exclude reptile theory arguments statements, references, or inferences by plaintiff's counsel. The premise of this theory, defendants state, arises from a 2009 book[2] and states that the valid measure of damages is not the actual harm caused by defendants but instead the maximum harm that the defendant's conduct could have caused. Plaintiffs respond that Plaintiffs' alleged intention to use a "reptilian strategy" is vague and ambiguous. The Court **DENIES** this part of the Motion, subject to its faith in Plaintiffs' understanding of the proper limits of argument and L'Auberge's ability to object to any improper statements at trial.

### 10. "Send a Message" Argument

L'Auberge asks the Court to exclude any "send the defendants a message" type arguments. Plaintiffs argue that this request to too broad and that closing arguments by nature require parties to say what effect the evidence should have on the jurors' choices. The Court will address this at the Pre-Trial Conference.

---

[2] DAVID BALL AND DON C. KEENAN, REPTILE: THE 2009 MANUAL OF THE PLAINTIFF'S REVOLUTION (1st ed. 2009).

### 11. *The Golden Rule*

L'Auberge moves the Court to Golden Rule arguments and/or any reference to or statement that the jury would not take any amount of money to be in Plaintiffs' position or other language attempting to have the jurors place themselves in Plaintiffs' position. Plaintiffs argue *Baxter v. Anderson*, 277 F.Supp.3d 860 (M.D. La.2017), where the court affirmed the longstanding principle that Golden Rule arguments are permissible on questions of liability. Accordingly, this part of the Motion is **GRANTED** in this regard but only insofar as Plaintiffs are prohibited from using "Golden Rule" arguments in relation to damages.

### 12. *Conscience of the Community*

L'Auberge moves the Court to exclude "Conscience of the Community" tactics, which it claims are similar to and logically flow from unlawful Golden Rule arguments, although they broaden the scope. Moreover, whereas L'Auberge maintains that Golden Rule arguments suggest that the jurors should place themselves in the position of the plaintiff, "Conscience of the Community" arguments suggest that each juror should place the entire community in that position, which is an improper appeal to the jury's sense of loyalty to protect the community from outsiders. Plaintiffs counter that this is overly broad, and L'Auberge conflates it with the Golden Rule. Similar to the preceding ruling on the Golden Rule, this part of the Motion is **GRANTED** but only insofar as Plaintiffs are prohibited from using "Conscience of the Community" arguments in relation to damages.

### 13. *Units of Time*

L'Auberge argues that the "unit of time argument" is unduly prejudicial as they overwhelm the jury's ability to do simple multiplication. Further, L'Auberge states that it is unrealistic to expect that the harm caused by the unit of time argument can be undone simply by a trial court's instruction to the jury to disregard such an argument. This method ignores the human nature's preference for an easy and manageable formula to deal with uncertainties. L'Auberge asks, in the alternative, that "Should this Honorable Court permit plaintiff's attorney to present the unit of time argument, Walmart [sic] requests that the following cautionary instruction be provided to the jury both at the time the argument is made and as part of the jury charge. Plaintiffs oppose this part of the Motion stating that it may be allowed when coupled with a cautionary instruction that it is merely a method of presenting contentions and is not evidence. Ruling on this part of the Motion is premature, is an area for cross-examination, and is therefore **DENIED**. To add, it appears that "Wal-Mart" has surfaced as the movant at least twice in L'Auberge's memorandum in support despite not being a named party in this case. Thus, in the future, if L'Auberge finds it expedient to dump its arguments from other cases' motions/pleadings, the Court encourages it, before filing, to at least proofread its motion/pleading, and/or use "CTRL + H" to find and replace the word, *e.g.*, here, "Wal-Mart."

### III. CONCLUSION

The Motion in Limine (Doc. 69) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

**THUS DONE AND SIGNED** in Chambers on this 10th day of March 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**