UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANASTASIA SINEGAL ET AL** | **CASE NO. 2:18-CV-01157** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PNK (LAKE CHARLES) LLC** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a Motion in Limine (Doc. 70) to exclude evidence from trial filed by Plaintiffs Anastasia Sinegal and Lewis Dervis, III. Defendant PNK (Lake Charles), LLC d/b/a L'Auberge Du Lac Casino Resort ("L'Auberge") opposes the motion. Doc. 72. Plaintiffs have replied. Doc. 75.

### I. BACKGROUND

This diversity action arises from an injury sustained by Plaintiff Anastasia Sinegal at the L'Auberge Casino[1] ("Casino") when she tripped over a cleaning machine near the Casino's slot machines on or about May 6, 2017. Doc. 1-1, pp. 4–5. On May 4, 2018, Plaintiffs filed a delictual action for damages against L'Auberge in the 14th Judicial District for the Parish of Calcasieu, Louisiana. *Id.* at 4, 7. On September 5, 2018, L'Auberge removed the case to this Court. Doc. 1. Jury trial is set for April 17, 2023, at 9:00 AM. Doc. 66, p. 2.

### II. LAW & APPLICATION

**A. Motion In Limine Standard**

---

[1] Located at 777 Avenue L'Auberge, Lake Charles, Louisiana.

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

## B. Application

### 1. Collateral Sources

The Plaintiffs ask the Court to exclude all evidence that runs afoul the Collateral Source Rule. L'Auberge agrees that the motion should be granted as to loans or other

financial assistance from counsel but denied as to "insurance benefits" because there is insufficient information before the court to rule on. The part of the Motion is **GRANTED IN PART** as to assistance from counsel and otherwise **DENIED IN PART**. The Court will appropriately rule on any Collateral Source Rule evidentiary issues raised during trial.

### 2. Settlement Communications

The Court **GRANTS** Plaintiffs' unopposed request to exclude evidence of compromise offers and settlement negotiations.

### 3. Failure to Mitigate Damages

Plaintiffs request that the Court exclude claims that periods of non-continuous treatment with the same provider equates to a failure to mitigate damages or diminishes recovery. L'Auberge opposes this part of the Motion, stating that if there are any gaps in medical treatment, plaintiff is free to disclose to the jury and the court her reasons for not treating during that time period, at which time L'Auberge is entitled to question the plaintiff as to why she went without treatment and/or failed to undergo any recommended treatment. Further, L'Auberge argues this request is premature until evidence and testimony is presented at trial. The Court agrees it is premature to rule on this now; this part of the Motion is **DENIED**.

### 4. Undisclosed Things

Plaintiffs move the Court prohibit L'Auberge from introducing any surveillance, exhibits, documents, things or information that were requested in discovery by Plaintiffs but not already produced or specifically identified to them. L'Auberge counters that this part of the Motion is premature and that the Court cannot rule on the admissibility of any

impeachment evidence that was not disclosed. Evidence intended for impeachment may be withheld from production under Rule 26(a)(3); thus, this part of the Motion is **DENIED**. Parties may raise objections at trial if information subject to, yet withheld from, discovery is offered into evidence.

### 5. References to Motions in Limine

Plaintiffs' unopposed request to exclude motions in limine as evidence is **GRANTED**.

### 6. Cheryl Tezeno's State of Mind

Plaintiffs move the Court to exclude statements, suggestions, and arguments concerning Cheryl Tezeno's state of mind or perceptions of her actions related to this claim. L'Auberge claims it does not intend to offer what she actually saw or give her state of mind. However, L'Auberge asserts that it will offer a video and from there can argue what can been seen in front of and on each side of Ms. Tezeno. L'Auberge can offer the video and then may argue that the video represents what is in front of Ms. Tezeno and on each side of her. L'Auberge, however, may not use the video to surreptitiously argue Ms. Tezeno's state of mind or perceptions as to things/objects in the video. This part of the Motion is **GRANTED**.

### 7. Anti-lawyer and Anti-lawsuit Comments

Plaintiffs ask the Court to prohibit L'Auberge from "try[ing] to scare the jur[y] by weaving unsubstantiated, anti-plaintiff generalities into their case presentations." L'Auberge states that it will refrain from this, however, will be critical of the merits/frivolous nature of this claim, and points out that all counsel should be aware of their obligations to act as professionals with civility. This part of the Motion is **GRANTED**

**IN PART** as to generalities but **DENIED IN PART** as to arguments that go to the merits/frivolous nature of this claim.

8. *Timing of Hiring an Attorney*

The Court **GRANTS IN PART** Plaintiffs' unopposed part of this Motion that asks the Court to exclude evidence regarding the time or circumstances under which plaintiff hired her attorneys, however, **DENIES IN PART** any evidence of the same if Plaintiffs make such evidence relevant by opening the door.

9. *Unrelated and Undisclosed Medical Records*

Plaintiffs ask the Court to exclude all medical records for Mrs. Sinegal that were for treatment she has not sought payment for in this case or that she received before the trip and fall at issue. L'Auberge argues that such evidence is relevant to causation. The Court finds this part of the Motion premature because, with proper foundation, such evidence may be relevant. This part of the Motion is **DENIED**.

10. *Linking General Damages to Income*

Plaintiffs argue that it would be improper for the defense to argue that the jury should think about how much someone earns when calculating pain, suffering, mental anguish, and loss of enjoyment of life. L'Auberge counters that both parties may make calculations. This is an area for cross-examination; this part of the Motion is **DENIED**.

11. *Defendants' Apologies*

Plaintiffs ask the Court to prohibit L'Auberge from stating at trial that they are sorry about the incident that happened unless, of course, they do so in writing before trial and provide a copy of their apology to Mrs. Sinegal. On the other hand, L'Auberge moves the

Court to forbid the Plaintiffs from requesting or demanding that defendant apologize, or from characterizing defendant as "unapologetic." These requests are **DENIED**.

### 12. *Prior and Subsequent Accidents*

Plaintiffs move the Court to exclude any evidence or testimony regarding any prior or pending claims for money for injuries made by Plaintiff, as well as whether said claims resulted in settlements or lawsuits. L'Auberge responds that such evidence is relevant because it speaks to the severity of similar injuries from prior auto accidents/trips/slips and falls. The Court does not have enough information before it to rule on these incidents. With proper foundation, such incidents may become relevant. Ruling on these matters is deferred to trial. This part of the Motion is **DENIED**.

### III. CONCLUSION

The Motion in Limine (Doc. 70) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

**THUS DONE AND SIGNED** in Chambers on this 10th day of March 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**