UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANASTASIA SINEGAL ET AL** | **CASE NO. 2:18-CV-01157** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PNK (LAKE CHARLES) L L C** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss or, in the alternative, Motion in Limine [doc. 101] filed by defendant PNK (Lake Charles) LLC. Plaintiffs Anastasia Sinegal and Lewis Dervis oppose the motions. Doc. 107.

**I.**
**BACKGROUND**

This suit arises from damages plaintiff Anastasia Sinegal allegedly suffered when she tripped over a floor cleaner at L'Auberge du Lac Casino Resort in Lake Charles, Louisiana, on May 6, 2017. Plaintiffs filed suit against defendant, owner and operator of the resort, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on May 4, 2018, raising negligence claims under Louisiana law. Doc. 1, att. 1. Defendant then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter was originally set for jury trial on September 21, 2020, but continued for the first time in April 2020 owing to discovery delays brought about by the COVID-19 pandemic. Docs. 42, 44, 45. It was then reset for February 22, 2021. Doc. 48. It was continued on December 18, 2020, as the district's moratorium on jury trials persisted, and

reset for June 20, 2022. Docs. 55, 59. The matter was then continued in February 2022 at defendant's motion, owing to the total loss of defense counsel's home that month in a fire, and reset for April 17, 2023. Docs. 62, 65.

Plaintiffs' counsel filed a motion to withdraw on March 8, 2023, citing a breakdown of the attorney-client relationship due to irreconcilable differences. Doc. 76. The magistrate judge conducted a hearing on the motion by telephone on March 10, 2023, commemorated with the following minute entry:

> It was immediately apparent at the hearing that trust and communication between plaintiffs and their counsel was broken and the Motion to Withdraw will be granted. It was explained to both plaintiffs that, upon the court's granting the motion to allow counsel to withdraw, each will then be representing herself and himself and neither could speak for the other. It was further explained to them that it is incumbent upon them to be aware of and abide by the various orders and rules of the court and to cooperate with defense counsel in obtaining information properly requested according to those rules. It was also explained that neither chambers, defense counsel, nor the clerk could provide legal advice to either of them. It was explained that their failure to follow rules and cooperate could ultimately result in a recommendation that the case be dismissed. It was also explained to them that it is their responsibility to be certain that chambers, the clerk of court and opposing counsel have all current contact information for them and that they are to advise all of the above should her contact information change.

Doc. 86. The undersigned then granted plaintiffs' motion to continue but denied their request to reset previously lapsed deadlines. Doc. 88. At the time of counsel's withdrawal, all pretrial motion-filing deadlines (with the exception of motions for protective orders) had run under the previous scheduling order. *See* doc. 66. The pretrial statement deadline had not lapsed, however, and this deadline was set 28 days before trial. *Id.*

After the district court granted the motion to continue, the magistrate judge entered an electronic order resetting the trial date for September 18, 2023, and the pretrial

conference for August 29, 2023. Doc. 89. This order made no mention of other remaining pretrial deadlines, such as jury charges and verdict forms and the pretrial statements. Defendant filed its pretrial statement on August 21, 2023, 28 days before trial. Doc. 94. Plaintiffs moved for another continuance on August 25, 2023, based on Ms. Sinegal's emergency spinal surgery on August 20, 2023. Docs. 96, 99. The court reset the matter for March 18, 2024, but reminded plaintiff that deadlines that had passed under prior scheduling orders would not be reset. Doc. 99. This order also set a pretrial conference on March 5, 2024, and reset the deadlines for jury charges and verdict forms, but made no mention of pretrial statements. *Id.*

On February 20, 2024, 27 days before the new trial date, defendant filed the instant motion to dismiss or, in the alternative, motion in limine. Doc. 101. Because plaintiffs have not filed a pretrial statement, defendant seeks dismissal of the matter under Federal Rule of Civil Procedure 41. Alternatively, it requests that the court exclude plaintiffs' undisclosed witnesses and exhibits, medical causation testimony, and personal damages testimony. Plaintiffs oppose the motion, arguing that they were abandoned by prior counsel. Doc. 107. They have also submitted a new pretrial statement, in which they explain their disagreement with prior counsel's strategy and their refusal to attend appointments with potential expert witnesses because those witnesses would not link Ms. Sinegal's alleged seizure disorders to the fall she experienced at defendant's facilities. Doc. 112.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)). A case should only be dismissed with prejudice under this rule "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself and not by his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). A delay warranting dismissal "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotations omitted).

Here the record does not support a dismissal. The case was continued twice since plaintiffs began representing themselves: once immediately after their attorneys' withdrawal, in order to allow them time to find new representation, and once after Ms. Sinegal's documented emergency surgery. Nor can the court find a record of contumaciousness, defined as "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988). The order resetting the trial for September 2023 did not

provide a deadline for pretrial statements, even though that deadline had not lapsed under the previous scheduling order. The filing of this motion has also necessitated a continuance of the trial date, mitigating any prejudice to defendant from the lack of a pretrial statement. Accordingly, the court will not penalize plaintiffs for their failure to provide one and will reset the deadline for amended pretrial statements if a new trial date is selected.

As for the motion in limine, plaintiffs have ascribed a laundry list of medical conditions to Ms. Sinegal's slip and fall, including seizures, spinal injuries resulting in emergency surgery, and carpal tunnel syndrome. "[W]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation." *Lassiegne v. Taco Bell Corp.*, 202 F.Supp.2d 512, 524 (E.D. La. 2002). This is especially true for neurological issues. *Id.*; *see also Rodgers v. Hopkins Enterps. of Ms., LLC*, 2018 WL 3104288, at *5 (E.D. La. June 21, 2018) (spinal injuries requiring surgery are complex medical diagnoses requiring expert opinions); *Carmona v. Forrest*, 2023 WL 4317036, at *5 (S.D. Tex. June 15, 2023), report and recommendation adopted, 2023 WL 4317184 (S.D. Tex. June 30, 2023) (expert testimony required to prove causation of spinal injury); *Frost v. Carter*, 140 So.3d 59, 67 (La. Ct. App. 4th Cir. 2014) (expert testimony needed to prove causation for carpal tunnel symptoms requiring surgery). Expert disclosure deadlines expired before the March 2023 continuance and plaintiffs provided no reports in support of their claimed medical sequelae from this accident. They also failed to provide any summaries from treating physicians within that deadline, as required by the court's scheduling order. *See* doc. 66, p. 2. Whatever involvement any counsel consulted by plaintiffs had after this continuance is irrelevant; the deadline had

already lapsed and plaintiffs have not shown good cause for their failure to provide expert disclosures before that point.[1] Accordingly, the motion in limine will be granted to the extent that plaintiffs are barred from introducing causation opinions on Ms. Sinegal's medical conditions and Ms. Sinegal will be precluded from recovering based on any expenses, pain, suffering, limitations, or loss of enjoyment of life allegedly resulting from these conditions.

Plaintiffs' proposed pretrial statement [doc. 112] points to no other category of damages. The only damages witness listed who is not a healthcare provider is Lewis Dervis, and his proposed testimony appears to be focused on his wife's neurological condition.[2] It thus appears plaintiffs have no competent evidence to submit to a jury and that the case should be dismissed. The court will allow them **21 days**, however, to identify all evidence and testimony they would present at trial, excluding that which relates to any medical condition. Defendant will have **14 days** to respond. If plaintiffs are left with no viable evidence, the matter will be dismissed.

---

[1] Instead, they admit in their new proposed pretrial statement that they refused to attend appointments set by prior counsel because prior counsel would not provide them with a witness who would link Ms. Sinegal's alleged seizure disorder to her slip and fall. Ms. Sinegal has not come forward with any proposed expert witness report or treating physician's testimony that would validate her position.

[2] There are over 100 will-call witnesses listed, including several attorneys, with no descriptions of proposed testimony provided. To the extent any of these will testify as to damages, plaintiffs must provide a summary of their proposed testimony as well as their contact information.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 101] will be **DENIED** and the Motion in Limine [doc. 101] will be **GRANTED.** Plaintiffs will be given **21 days** to identify any evidence supporting a claim for damages not relating to Ms. Sinegal's alleged medical conditions and defendant will be given **14 days** to respond.

**THUS DONE AND SIGNED** in Chambers on the 18th day of March, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**