UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANASTASIA SINEGAL ET AL** | **CASE NO. 2:18-CV-01157** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PNK (LAKE CHARLES) L L C** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the court are a Motion to Reconsider [doc. 118] filed by plaintiffs Anastasia Sinegal and Lewis Dervis. Defendant opposes the motion. Doc. 122. Also before the court is a Motion to Strike [doc. 121] filed by defendant, relating to information contained in plaintiffs' memorandum and exhibit in support of their motion.

**I.**
**BACKGROUND**

This suit arises from damages plaintiff Anastasia Sinegal allegedly suffered when she tripped over a floor cleaner at L'Auberge du Lac Casino Resort in Lake Charles, Louisiana, on May 6, 2017. The full procedural history is set forth under the court's prior ruling. Doc. 116. Therein the court granted defendant's motion in limine to the extent that plaintiffs had not met the court's expert disclosure deadlines and were barred from introducing evidence to support recovery based on Ms. Sinegal's numerous claimed injuries. The court then granted plaintiffs 21 days to identify any other category of damages for which they might recover and the evidence on which they would rely, warning that the

case would be dismissed if plaintiffs could not show any viable evidence in support of their claims.[1] *Id.*

In response plaintiffs have filed yet another lengthy and confusing brief raising personal attacks against opposing counsel, former counsel, and the court. Doc. 118. Plaintiffs also object to a continuance the court previously granted on the basis of opposing counsel's house fire and accuse opposing counsel of lying about the circumstances. Attached to their motion are 242 pages of exhibits, including defense counsel's address and photos it appears that plaintiffs recently took of his home. Doc. 118, att. 1. Accordingly, defendant moves to strike the memorandum and exhibit. Doc. 121. Additionally, it shows photographs of defense counsel's house shortly after the fire in February 2022. Doc. 121, att. 3.

## II.
### LAW & APPLICATION

A. **Governing Law**

  1. **Motion to Reconsider**

Federal Rule of Civil Procedure 54(b) allows the court to reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010). An interlocutory order is one that "adjudicates

---

[1] Plaintiffs' brief takes many unfortunate liberties with the facts and law, including the idea that her case is being dismissed because Ms. Sinegal was too sick to appear at a pretrial conference. On the contrary, the court granted her requested continuance in August 2023 after she produced proof of her recent operation. Doc. 99. The court has only refused to extend deadlines that passed while she was still represented.

fewer than all the claims . . . of all the parties," such as the ruling here denying LIGA's motion to dismiss for lack of jurisdiction. Fed. R. Civ. P. 54(b). Although the rule grants the court broad discretion to reconsider, "this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *United States v. Cytogel Pharma, LLC*, 2017 WL 3849317 (E.D. La. Mar. 28, 2017) (internal quotations omitted). Courts evaluate motions to reconsider under Rule 54(b) under a "less exacting" standards than those applied to final judgments under Rules 59(e) and 60(b) but still look to the latter rules for guidance. *In re Padco Pressure Control, LLC*, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) (collecting cases). To this end, the court should consider whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *Id.* (quoting *HBM Interests, LLC v. Chesapeake La., LP*, 2013 WL 3893989 (W.D. La. Jul. 26, 2013)).

### 2. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This remedy is a drastic one and should only be resorted to when the material "has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instr. of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotations omitted). District courts enjoy considerable discretion in addressing motions to strike. *American S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626–27 (E.D. Tex. 2010).

### B. Application

Plaintiffs' motion presents nothing to justify a revision of the court's prior ruling. Furthermore, their personal attacks and baseless accusations of unethical conduct against defense counsel provide ample grounds for not allowing this matter to proceed to trial. Federal district courts have "inherent authority to sanction parties appearing before [them] for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir. 1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). This authority extends to pro se litigants. *Id.* at 80. A court's reliance on its inherent authority is appropriate when there is a "wide range of willful conduct implicating multiple rules or when the conduct at issue is altogether beyond the reach of the rules." *Deutsch v. Henry*, 2016 WL 7165993, at *15 (W.D. Tex. Dec. 7, 2016) (internal citations omitted). Plaintiffs have made numerous personal attacks against the court, opposing counsel, former counsel, and other members of the bar. *See* docs. 107, 111, 118. Their latest filing takes a threatening tone against defense counsel, including his home address as well as what appear to be recent photographs they have taken of his home. Doc. 118, att. 1, p. 44. Defense counsel has behaved with remarkable forbearance over the last few years, but should not be expected to tolerate any further insult at the hands of plaintiffs. The court finds no lesser sanction appropriate, as plaintiffs' smear campaign throughout this litigation has only escalated and they are now making ethical complaints against defense counsel. Doc. 118, p. 14. Further, as noted under the court's prior ruling, it appears plaintiffs have no remaining claim for damages on which they could recover. Accordingly, the court will dismiss this matter pursuant to its inherent authority.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Reconsider [doc. 118] will be **DENIED** and the Motion to Strike [doc. 121] will be **GRANTED**. Further, plaintiffs' motion and exhibit [doc. 118 & doc. 118, att. 1] will be **STRICKEN** from the record and the case will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of April, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**